**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER MANZO LUA, | 1:12-cv-01342-AWI |
| | 1:04-cr-05327-AWI |
| Petitioner, | |
| | **ORDER REGARDING** |
| v. | **PETITIONER'S MOTION TO** |
| | **VACATE, SET ASIDE OR** |
| UNITED STATES OF AMERICA, | **CORRECT SENTENCE** |
| | **PURSUANT TO 28 U.S.C. § 2255** |
| Respondent. | |
| | (Doc. 687) |
| _____/ | |

**I. INTRODUCTION**

This matter arises from the jury conviction of Defendant/Petitioner Javier Manzo Lua ("Petitioner"). Petitioner is currently incarcerated at the Fort Dix Federal Correctional Institution at Fort Dix, New Jersey ("Fort Dix FCI") and is proceeding in this matter *in propria persona*. Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. Petitioner's complaint involves allegations ineffective assistance of trial counsel – misadvising petitioner to go to trial - and ineffective assistance of appellate counsel – in failing to notify Petitioner of the issuance of an opinion denying his direct appeal.

1

## II. BACKGROUND

On November 1, 2004, Petitioner was indicted on charges of conspiracy to manufacture and possess with intent to distribute marijuana, possess cocaine with intent to distribute, and distribute methamphetamine. *See* Doc. No. 1. On May 6, 2005, a one-count Superseding Indictment was filed charging the defendant, Javier Manzo Lua, with a violation of 21 USC § 846 and §§ 841(a)(1) and (b)(1)(A) - Conspiracy to Manufacture Marijuana, Possess Marijuana with the Intent to Distribute, Possess Cocaine with the Intent to Distribute, and Distribute Methamphetamine. *See.* Doc. No. 273. Petitioner alleges that the United States Attorney's office offered him a plea agreement whereby he would only be sentenced to ten years in custody. *See* Memorandum in Support of Petitioner's Motion to Vacate, Doc. No. 687 ("2255 Motion") at 8. He alleges that trial counsel, Preciliano Martinez, advised Petitioner that because the government only had a single witness against him that he would not be convicted at trial. *See id.* In fact multiple witnesses testified against him at trial. *See id* at 26. Petitioner further alleges that he was never advised of the possible consequences of being convicted at trial. *See id* at 8. Petitioner alleges that he rejected the plea agreement on the advice of counsel and proceeded to trial. *See id.* at 9.

On April 10, 2007, Petitioner was found guilty by a jury of the Superseding Indictment. *See* Doc. No. 523. Petitioner was sentenced to a term of imprisonment of 188 months in custody, a $100.00 penalty assessment, and a 60-month term of supervised release on December 21, 2007. *See.* Doc. No. 609.

Petitioner retained Mr. Nicholas F. Reyes to file an appeal on his behalf. On October 3, 2008, Petitioner appealed his convictions to the Ninth Circuit Court of Appeals. *See* 9th Cir. Case No. 08-10003, Doc. No. 14. Petitioner alleges that Mr. Reyes never provided him with a copy of any of the briefs filed in his case.[1] *See* 2255 Motion at 10. A judgment by the Ninth Circuit was issued on November 18, 2009. *See* 9th Cir. Case. No. 08-10003, Doc. No. 31. The judgment affirmed the decision of the District Court in full. *See id.* The Ninth Circuit issued a

---

[1] The Appellant's Opening Brief filed in Petitioner's case bears a proof of service that indicates that Petitioner was served a copy of the brief. *See* 9th Cir. Case. No. 08-10003, Doc. 13 at 32.

1    formal mandate on December 14, 2009, pursuant to Rule 41(a) of the Federal Rules of Appellate

2    Procedure, giving effect to the judgment entered on November 18, 2009. *See* 9th Cir. Case No.

3    08-10003, Doc. No. 32. Petitioner filed no petition for writ of certiorari with the United States

4    Supreme Court. Petitioner alleges that his appellate counsel never made him aware of the Ninth

5    Circuit judgment despite his "several attempts to reach counsel" and Petitioner's wife making

6    several calls. 2255 Motion at 17. Petitioner further claims to have contacted the Ninth Circuit

7    seeking to determine the status of his case. *See id.* Petitioner alleges that he first received notice

8    of the Ninth Circuit denial when the Court of Appeals gave him notice dated April 9, 2012. *See*

9    *Id.*

10       On June 13, 2012, Petitioner filed a motion to recall the mandate on the grounds that he

11   was never given notice of the denial of his appeal or the issuance of the mandate. *See* 9th Cir.

12   Case No. 08-10003, Doc. No. 33 The Ninth Circuit denied Petitioner's motion on June 18, 2012.

13   *See* 9th Cir. Case No. 08-10003, Doc. No. 34.

14       On August 17, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.

15

16                              **III. LEGAL STANDARD**

17       Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence

18   of a court established by Act of Congress claiming the right to be released upon the ground that

19   the sentence was imposed in violation of the Constitution or laws of the United States ... may

20   move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas

21   relief is available to correct errors of jurisdiction and constitutional error but a general "error of

22   law does not provide a basis for collateral attack unless the claimed error constituted a

23   fundamental defect which inherently results in a complete miscarriage of justice." *United States*

24   *v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

25       Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque,* 351 F.3d 919,

26   924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the

27   validity of a petition brought under that section, '[u]nless the motions and the files and records of

28   the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock,*

1    20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if

2    the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so

3    palpably incredible or patently frivolous as to warrant summary dismissal." *United States v.*

4    *McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in

5    a Section 2255 motion are insufficient to require a hearing. *United States v. Hearst,* 638 F.2d

6    1190, 1194 (9th Cir.1980).

7         Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives

8    a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly

9    appears that the moving party is not entitled to relief. *See U.S. v. Quan,* 789 F.2d 711, 715 (9th

10   Cir.1986).

11

12                                  **IV. DISCUSSION**

13   **A. Timeliness.**

14        Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate,

15   set aside, or correct.  28 U.S.C. § 2255(f); *United States v. Buckles,* 647 F.3d 883, 887 (9th Cir.

16   2011).  The 1-year limitation period runs from the latest of:  "(1) the date on which the judgment

17   of conviction becomes final; (2) the date on which the impediment to making a motion created

18   by governmental action in violation of [federal law] is removed, if the movant was prevented

19   from making a motion by such governmental action; (3) the date on which the right asserted was

20   initially recognized by the Supreme Court, if that right has been newly recognized by the

21   Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

22   which the facts supporting the claim or claims presented could have been discovered through the

23   exercise of due diligence."  28 U.S.C. § 2255(f).

24   *1. Newly Recognized Constitutional Right*

25        Petitioner alleges that the Supreme Court's decisions in *Missouri v. Frye*, 132 S.Ct. 1399

26   (2012), *Lafler v. Cooper,* 132.S.Ct. 1376 (2012), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012),

27   each triggered a later accrual date of the 1-year limitations period under Section 2255(f)(3).

28

                                         4

In order for this to be the case Petitioner's claim must be based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court. *See* 28 U.S.C. 2255(f)(3). Petitioner contends that his claim of ineffective assistance of counsel during plea bargaining and at sentencing satisfies this requirement, based on the March 12, 2012 companion decisions issued in *Lafler* and *Frye*. However, none of the three cited opinions decided a new rule of constitutional law. *Buenrostro v. United States,* 697 F.3d 1137, 1140 (9th Cir.2012); *accord Williams v. United States,* 705 F.3d 293, 294 (9th Cir.2013) (per curiam). Rather, "[t]he Supreme Court in [*Lafler and Frye*] merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington,* 466 U.S. 668, 686 (1984) and established in the plea bargaining context in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 ... (1985)." *Buenrostro,* 697 F.3d at 1140; *see also Chaidez v. United States,* ⸺ U.S. ⸺, ⸺, 133 S.Ct. 1103, 1115 (2013) ("[D]espite the many different settings in which it has been applied, we have never found that an application of *Strickland* [to a particular form of attorney misconduct] resulted in a new rule.... In short, where we merely apply *Strickland* in a way that corresponds to an evolution in professional norms, we make no new law.").

Petitioner further contends that the "*Martinez* for the first time granted the equitable right to raise a claim of ineffective assistance of counsel in a petition for post-conviction collateral relief." 2255 Motion at 14. The Ninth Circuit addressed whether *Martinez* constituted a new rule of constitutional law in *Buenrostro*:

> In *Martinez,* the Supreme Court noted that *Coleman v. Thompson,* 501 U.S. 722, 746–47, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), held that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default. *See* 132 S.Ct. at 1319. The Court recognized that *Coleman* "left open ... a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See id.* at 1315. However, the Court did not resolve this constitutional question in *Martinez. Id.* Instead, the Court "qualifie[d] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *See id.* The Court characterized its decision as an "equitable ruling," and not a

5

constitutional one. *See id.* at 1319. Thus, *Martinez* did not decide a new rule of constitutional law as required to grant an application under 28 U.S.C. § 2255 *Buenrostro,* 697 F.3d at 1139-40.

Accordingly, none of the three cases cited by Petitioner operates to provide him with a later start date for the statute of limitations in this case. *Buenrostro,* 697 F.3d at 1140; *Baker v. Ryan,* 497 Fed. Appx. 771, 773 (9th Cir. 2012) (unpublished) (*Lafler* and *Frye* "do not recognize new constitutional rights," citing *Buenrostro*); *Burns v. Swarthout,* 2013 WL 5345813 (N.D.Cal. Sept.20, 2013).

*2. Finality of Judgment*

It appears then that § 2255(f)(1) sets the date that Petitioner's 1-year limitations period began to run. Generally, "[f]inality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Buckles*, 647 F.3d at 887; *U.S. v. Garcia*, 2010 F.3d 1058, 1060 (9th Cir. 2000). A party has ninety days from the date of entry of judgment by the Circuit Court to seek certiorari with the United States Supreme Court. *See* Sup.Ct. R. 13.1.

Viewing the record in the manner most favorable to Petitioner, the 1-year limitations period began to run on May 5, 2010; the date the judgment became final. This is so because the judgment by the Ninth Circuit Court of Appeals was issued on December 15, 2009, thus, the time to seek certiorari with the United States Supreme Court expired on May 5, 2010. Petitioner did not file the instant motion until August 17, 2012; more than a year after the limitations period had run. Petitioner does not dispute this issue. Thus, petitioner's federal petition for writ of habeas corpus will be time-barred unless he is entitled to the benefit of tolling.

Although § 2255(f)'s 1-year limitations period may be raised *sua sponte*, the court must give the petitioner notice and an opportunity to respond before dismissing the case. *See Herbst v. Cook*, 260 F.3d 1039, 1043-44 (9th Cir. 2001). In accordance with the *Herbst* mandate, notice is given to petitioner that his claim is untimely. As explained in the following discussion, if Petitioner cannot make the required showings for equitable tolling his motion will be dismissed as untimely.

**B. Equitable Tolling**

Even if the 1-year limitations period has run, a petitioner may be entitled to "equitable tolling." *Buckles*, 647 F.3d at 887. "A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Buckles,* 647 F.3d at 887. "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citations omitted). A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate the diligence required for equitable tolling. *Roy v. Lampert,* 465 F.3d 964, 973 (9th Cir.2006). Conclusional allegations are generally inadequate. *Williams v. Dexter,* 649 F.Supp.2d 1055, 1061–62 (C.D.Cal.2009).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (citations omitted). However, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore,* 345 F.3d 796, 799 (quoting *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002)). The effort required is what a reasonable person might be expected to deliver under his or her particular circumstances. *Doe v. Busby,* 661 F.3d 1001, 1015 (9th Cir.2011). Because a pro se petitioner's habeas filings must be construed with deference, a court will construe liberally such a petitioner's allegations regarding diligence. *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir.2006).

It is well established "that an attorney's failure to file a federal habeas petition despite his client's request to do so, and failure to communicate with his client despite letters and phone calls requesting information, [is] 'professional misconduct that ... could ... amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling.'" *Buckles*, 647 F.3d at 890 (citing *Holland v. Florida*, 560 U.S. 631, 670 (2010)); *see Maples v. Thomas,* 132 S.Ct. 912 (2012) (a claim of abandonment by counsel, if true, would suffice to establish extraordinary circumstances beyond his control); *Porter v. Ollison,* 620 F.3d 952, 960 (9th

7

1    Cir.2010) (interpreting *Holland* to treat "violations of canons of professional responsibility" as

2    evidence that attorney's conduct was "extraordinary"). "However, *Holland* did not hold that

3    attorney misconduct *alone* could justify equitable tolling where the petitioner himself did not

4    diligently pursue his rights. Indeed, the Court explicitly found that the petitioner's repeated

5    attempts to contact his attorney or have him removed from the case indicated a diligent effort to

6    avoid the running of the statute of limitations." *Sanders v. Tilton*, 475 F. App'x 118, 120 (9th

7    Cir.) *cert. denied,* 133 S. Ct. 862, *reh'g denied,* 133 S. Ct. 1627 (2012) (unpublished); *see Spitsyn*

8    *v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). The Ninth Circuit has indicated that "if [a

9    petitioner's] allegations about repeated, ignored attempts to contact his attorney are true, they

10   demonstrate both diligence and an extraordinary circumstance…" *Munoz v. Smith*, __ Fed.Appx.

11   __, 2013 WL 5228220, *2 (9th Cir. 2013) (unpublished).

12        Petitioner alleges that his failure to comply with the 1-year limitations period is a result

13   of abandonment by his appellate counsel. *See* 2255 Motion at 17.  Petitioner alleges that he and

14   his family made numerous unsuccessful attempts to reach counsel and seek the status of his

15   appeal. *See* 2255 Motion at 20. The frequency of Petitioner's attempts to reach counsel is not

16   reflected in the record. Such evidence is necessary to determine whether or not Petitioner was

17   diligent in pursuing his claim. Petitioner claims to have been made aware of the denial of his

18   appeal by a notice dated April 9, 2012, in response to his inquiry to the Ninth Circuit. *See* 2255

19   Motion at 20. The reason why Petitioner waited over three years after his brief was submitted to

20   determine the status of his appeal is also relevant whether equitable tolling should apply.

21        In accord with the Ninth Circuit's guidance, Petitioner's allegations, if true and more

22   fully developed, may have demonstrated both diligence and extraordinary circumstance. It is

23   unclear whether extraordinary circumstances were the cause of his untimeliness or that the

24   extraordinary circumstances made it impossible to file a petition on time. Accordingly, this Court

25   cannot summarily dismiss this action on timeliness grounds since it does not plainly appear that

26   Petitioner is not entitled to tolling. To avoid dismissal Petitioner will be required to make a

27   showing that he diligently pursued relief (i.e. the regularity of his attempted contacts with

28   counsel and with the Court of Appeals) and that his counsel's failure to inform him of the Ninth

8

1    Circuit's opinion *caused* a timely filing by Petitioner to be impossible. Petitioner should submit

2    to the Court, along with his response, any documentation that he can obtain to verify that he did

3    actually attempt to communicate with Mr. Reyes (e.g. any prison mail logs, phone logs from

4    Petitioner's wife, copies of letters sent to Mr. Reyes, etc.) or the Court of Appeals.

5    **C. Ineffective Assistance of Counsel**

6           To establish ineffective assistance of counsel, a § 2255 petitioner must show: (1)

7    counsel's representation fell below an objective standard of reasonableness; and (2) there is a

8    reasonable probability that the deficient performance prejudiced the petitioner.  *See Strickland v.*

9    *Washington*, 466 U.S. 668, 687 (1984); *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir.

10   2005).  Courts must indulge in a strong presumption that counsel's conduct falls within the wide

11   range of reasonable professional assistance, and that counsel "exercised acceptable professional

12   judgment in all significant decisions made.  *See Strickland*, 466 U.S. at 689; *Hughes v. Borg*, 898

13   F.2d 695, 702 (9th Cir. 1990).  In the context of plea bargains, ineffective assistance of counsel

14   claims may arise not only when an attorney fails to inform a client of a plea bargain, but also

15   when an attorney fails to advise a client to enter a plea bargain when it is clearly in the client's

16   best interest.  *See Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Missouri v. Frye*, 132 S.Ct.

17   1399, 1408 (2012); *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003); *Blaylock*, 20

18   F.3d at 1466.  The prejudice prong of *Strickland* is met in plea bargain cases when the petitioner

19   shows that that the outcome of the plea process would have been different with competent

20   advice.  *Lafler*, 132 S.Ct. at 1384; *see also Blaylock*, 20 F.3d at 1466.  Where ineffective advice

21   leads to the rejection of a plea bargain, a petitioner must show that, but for the ineffective advice

22   of counsel, there is a reasonable probability that the petitioner would have accepted the plea

23   offer, that the prosecution would not have withdrawn the offer in light of intervening

24   circumstances, that the court would have accepted the plea offer's terms, and the conviction,

25   sentence, or both would have been less severe than under the judgment and sentence actually

26   imposed.  *Lafler*, 132 S.Ct. at 1384.  If a petitioner can show ineffective assistance of counsel

27   with respect to a rejected plea offer, a court must fashion a remedy that will "'neutralize' the

28   taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or

1  needlessly squander the considerable resources that the [government] properly invested in the

2  criminal prosecution." *Id.* at 1388-89.  Generally, the remedy crafted will be either a

3  resentencing in conformity with the term of confinement offered in the plea bargain, or requiring

4  the government to reoffer the plea bargain.  *See id.* at 1389.

5          Here, the Court is concerned with the representations in the petition.  The petition

6  suggests that Petitioner may have received ineffective assistance of counsel during the plea

7  process. Specifically, Petitioner alleges that trial counsel, Preciliano Martinez, advised Petitioner

8  to reject a favorable plea offer based on counsel's representation that there was only a single

9  witness against Petitioner and that Petitioner would not be convicted at trial. *See* 2255 Motion at

10 8. In fact, multiple witnesses testified against Petitioner, he was found guilty by a jury, and was

11 sentenced to 188 months in custody. The sentence imposed was nearly 6 years greater than the

12 plea offer.  At this point, the Court believes that it is appropriate to order a response from

13 Petitioner's trial counsel.

14         Once the Court has received Mr. Martinez' response and Petitioner's response to this

15 order, the Court will issue additional orders as it deems necessary.

16

17                                          **V. ORDER**

18 Accordingly, IT IS HEREBY ORDERED that:

19     1.  Not later than forty (40) days from the date of service of this order, Petitioner shall

20         file a factually detailed response along with any documentation supporting his

21         entitlement to equitable tolling, as described above;

22     2.  Petitioner's failure to comply with this order or failure to show entitlement to

23         equitable tolling will result in dismissal;

24     3.  The Clerk of the Court is directed to serve Petitioner with a paper copy of this order;

25     4.  Not later than twenty (20) days from the date of service of this order, Petitioner's trial

26         counsel, Preciliano Martinez, shall file a declaration setting forth such facts as are

27         known to him that pertain to discussions regarding the alleged 10-year plea bargain

28

offered by the government, including a description of the plea offer and any discussions at to whether to accept the plea offer;

5. Mr. Martinez shall include in his declaration any other facts that he believes may be pertinent to the ineffective assistance claim raised by Petitioner.

IT IS SO ORDERED.

Dated:   April 22, 2014   

_____

SENIOR  DISTRICT  JUDGE