**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,   Plaintiff,     v.  **JAVIER MANZO LUA**,   Defendant. _____ / | 1:04-cr-5327-AWI - 6  **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO FED.R.CIV.P. 59(e)**  (Doc. 704) |

On August 17, 2012, Defendant moved to vacate his conviction pursuant to 28 U.S.C. § 2255. Doc. 687. On April 22, 2014, this Court screened Defendant's motion and found that it was filed beyond the one year limitations period set by AEDPA. Doc. 696. However, because the Defendant alleged facts that might indicate that the Defendant may have been entitled to equitable tolling, the Court permitted Defendant forty days to submit evidence substantiate his entitlement equitable tolling. *Id*. Namely, the Court required Defendant to submit evidence to document his diligence in attempting to contact appellate counsel to learn the status of his case. *Id.* On June 9, 2014, Defendant sought and the Court granted an extension of time for Defendant to gather information. Doc. 701. At the expiration of time Defendant had not submitted any evidence to document his attempts to contact counsel. As a result, this Court found that Defendant's motion was time barred. Doc. 703.

Within ten days of the Court's order denying Defendant's motion, Defendant submitted evidence documenting his attempted communications with counsel. Doc. 704. The Court

construes Defendant's motion as a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e)[1] based on newly discovered evidence that was previously unavailable. It appears that Defendant contacted appellate counsel's office two times on December 7, 2009, for six and seven minutes, respectively. Defendant again contacted appellate counsel's office on January 6, 2010, for four minutes. There is no further record of attempted communications between Defendant and appellate counsel. Moreover, Defendant has not sought to explain his delay in contacting the Court. Defendant did not do so until April 4, 2012, when contacted the Ninth Circuit Court of appeal for a status update. Defendant has failed to show that he diligently pursued his rights between January 6, 2010 and April 4, 2012. *Bills v. Clark,* 628 F.3d 1092, 1097 (9th Cir. 2010); *see Holland v. Florida*, 560 U.S. 631, 649 (2010). As a result, Defendant has presented no reason for the Court to depart from its determination that Defendant's § 2255 motion is time barred.

Based on the foregoing, Defendant's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

IT IS SO ORDERED.

Dated:   December 23, 2015
SENIOR  DISTRICT  JUDGE

---

[1] The Ninth Circuit has held that motions for reconsideration of a § 2255 motion may be brought either under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d, 1042, 1047 n. 7 (9th Cir. 2000). Relying on a Second Circuit case, *United States v. Clark*, 984 F.2d 31, 34 (2d Cir.1993), the Ninth Circuit suggested that Rule 59(e) would only be applicable when motions for reconsideration were made within ten days from the filing of the decision and order in the § 2255 motion. Id. at 1048 n. 8. All other motions for reconsideration would be reviewed under the guidelines of Rule 60(b). Because Petitioner's motion was filed more than10 days after the entry of the order denying his § 2255 motion, the Court will treat his motion for reconsideration as a Rule 60(b) motion.